UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

GARLAND ANDREW TYREE, *pro se*

                        Plaintiff,

   -against-                                    **ORDER**
                                                     05-CV-2998 (KAM) (LB)
MICHAEL M. ZENK, CAPTAIN LOPRESTI,
LT. CUSH, LT. TAMAYO, C.O. PEMBERTON,
Y. HERCULES, C.O. FELDER, 6 UNIDENTIFIED
MEMBERS OF EXTRACTION TEAM #1,

                        Defendants.

----------------------------------------------------------------------X
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

        On July 7, 2008, The Honorable Lois Bloom, United States Magistrate Judge, entered an order granting the motion of *pro se* plaintiff Garland Tyree to file an amended complaint. (Doc. No. 70, "July 7th Order.") Now before the court are defendants' objections to the July 7th Order to the extent that it (a) permitted plaintiff to add Special Investigative Support Technician L. Corbett as a named defendant, and (b) required the United States Attorney, counsel for defendants, to provide to the court the address where L. Corbett could be served. (Doc. No. 71, Memorandum of Law in Partial Objection to Magistrate Judge Bloom's Order Granting Plaintiff's Motion for Leave to Amend the Complaint ("Def. Mem.") at 1.) For the reasons provided below, the court denies defendants' objections and affirms Magistrate Judge Bloom's July 7th Order.

## I. BACKGROUND

        Plaintiff *pro se* commenced this suit by complaint filed June 22, 2005, alleging constitutional violations pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S.

388 (1971). (Doc. No. 1, "Compl.") By order entered July 18, 2005, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. No. 4.) The Honorable Raymond J. Dearie, Chief United States District Judge, denied defendants' first motion for summary judgment by memorandum and order entered February 14, 2007. (Doc. No. 22.)[1] Plaintiff's complaint, "pertain[ing] to all named and unnamed persons responsible for the utilization/authorization of the extraction team of 10/29/03," was brought as a "Bivens type Action pursuant to 28 U.S.C. 1331 against Federal Officers" of the Bureau of Prisons ("BOP") and Metropolitan Detention Center ("MDC") acting under color of federal law. (Compl. at 1.) Plaintiff makes five claims, all of which he alleges to be "violations of the U.S. Constitution's Fifth and Fourteenth Amendments [sic] due process rights." (*Id.* at 2.) Claim One alleges as follows: "On 10/29/03 in the early morning hours Lt. Cush came to [plaintiff's] cell" and told plaintiff to allow himself to be handcuffed. Plaintiff asked "why?" and Lt. Cush responded, "Because I fucking said so Tyree." (*Id.* at 1.) Lt. Cush stated, "Oh I forgot, you're a gangsta too" and left before plaintiff could respond, returning 45 minutes to an hour later with Captain Lopresti and "extraction team #1 dressed in black riot type gear and armed with a stun gun and video camera." (*Id.*) Plaintiff was ordered to submit to restraints and "while [plaintiff] was attempted to comply, staff members quickly opened the tray slot and sprayed [plaintiff]" with a chemical on his side, back and buttocks. (*Id.*) The spray caused plaintiff to "dry heave and almost choke[]," his eyes to run, and his throat and lungs to "burn[] with irritation" during breathing. (*Id.*)

Defendants' objections to Judge Bloom's order focus on her grant of permission to name as a defendant L. Corbett ("Corbett"), the video camera operator. (*See generally* Def.

---

[1] This case was transferred to the undersigned on August 26, 2008. (Electronic order of August 26, 2008.)

2

Mem.) The allegations relevant to Corbett are contained in "Claim Two" of the initial complaint, which states:

> After removing me from cell 217, I was shoved toward the outdoors recreational area, in route Lt. Cush had the officer who was controlling the handheld video camera move the camera so that it was no longer recording me and again sprayed me directly in the face with the same chemical agent for no justifiable reason. The chemical agent went directly into my eyes, nose and mouth causing the pain from the previous spray to intensify. When I was placed outside I told Captain Lopresti about being sprayed in my face outside the cell and pointed out to him that my face was wet with the chemical[.] (It wasn't after the first spray to the body.) [H]e smiled and said "Yeah, I know that was my orders."

(*Id.* at 2.)

On April 9, 2008, plaintiff moved for leave to file an amended complaint to "add by name a previously unnamed member of extraction team #1 of 10/27/03 who I named in October 2005," the operator of the video camera, Corbett.[2] (Doc. No. 65 at 1-2.) The proposed amendments to plaintiff's complaint that are relevant to Corbett include the addition of Corbett's name to the caption of the complaint; the listing of Corbett as a defendant in a section headed "Parties"; and a slight modification of "Claim Two" to read, in relevant part, "in route Lt. Cush signalled [sic] to S.I.S. Technician L. Corbett, who was controlling the handheld video camera to move the camera so that it was no longer recording me and sprayed me directly in the face" with the chemical agent. (Doc. No. 65, Attach. 1, Proposed Amended Complaint.) Defendants opposed the motion by memorandum of law filed May 9, 2008, which contended, *inter alia*, that plaintiff's amendment would be futile because the claim against defendant Corbett could not survive dismissal or summary judgment; that the Corbett allegations were untimely because they

---

[2] Defendants do not object to amendments of several aspects of plaintiff's complaint which are not relevant here.

could not "relate back" to the filing of the initial complaint; and that the amendment was unduly delayed and allowing it would unfairly prejudice defendants. (*See* Doc. No. 66.)

Thereafter, Judge Bloom issued the July 7th Order, granting plaintiff's motion to file the amended complaint. Judge Bloom's Order stated that "[a]lthough some of defendants' arguments may ultimately be meritorious . . . these arguments are more properly raised in a dispositive motion at the close of discovery," and that "[u]nder the circumstances presented and in the interests of justice, plaintiff will not be precluded from amending his complaint to add [Corbett] and conducting limited discovery." (July 7th Order at 3.) Judge Bloom found that by letters sent in October and November of 2005, and in February 2008, plaintiff had promptly notified the United States Marshals and the Clerk of Court of Corbett's identity and requested that she be served. (*Id.* at 4-5.) Given plaintiff's *in forma pauperis* status, Judge Bloom held that the court was obligated to effect service on plaintiff's behalf and his motion to amend the complaint was not untimely given his reasonable reliance on the court to have served Corbett on the basis of his letters. (*Id.* at 5.) Judge Bloom rejected defendants' contention that the amendment would create an undue burden, as discovery was at that time still ongoing, and upon her finding that Corbett had constructive notice of the claims due to the factual detail with which they were pled in the initial complaint. (*Id.* at 5-6.) Judge Bloom also rejected defendants' argument that the amendment was untimely. (*Id.* at 6.) Judge Bloom found that the amendment related back to the date of the initial complaint because it arose from the same conduct initially pleaded, because Corbett had constructive notice of the allegations, and because the error in failing to timely serve Corbett was attributable to the court, not to plaintiff. (*Id.*)

On July 21, 2008, defendants filed a memorandum of law setting forth partial objections to the July 7th Order.[3] (*See* Doc. No. 71, Def. Mem.)  Defendants assert that Judge Bloom committed clear error by (a) failing to address whether plaintiff's amended complaint would be futile because plaintiff's claims against defendant Corbett would be subject to dismissal under Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56; (b) ruling that plaintiff's amended complaint was not time-barred as to Corbett because it "related back" to the original complaint; (c) ruling that plaintiff had not unduly delayed bringing his motion to amend the complaint; and (d) ruling that the addition of Corbett to the action would not unduly delay the litigation or cause unfair prejudice to the other defendants. (*Id*.)  On September 11, 2008, the undersigned ordered plaintiff to file any response to defendants' objections by October 10, 2008, but plaintiff filed no response.

## II. DISCUSSION

### A. Standard of Review of Magistrate Judge's Decision

Upon a party's objection to the decision of a magistrate judge on a non-dispositive matter, the district court reviews the decision to ensure that it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Fielding v. Tollaksen,* 510 F.3d 175, 178 (2d Cir. 2007).  The Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter, but has not explicitly decided so.  *See Fielding,* 510 F.3d at 178; *Kilcullen v. New York State Dep't of Transp.,* 55 Fed. App'x 583, 584 (2d Cir. 2003) (summary order).  District courts in this circuit have suggested that a magistrate judge's

---

[3]  The court notes that defendants' objections were timely filed pursuant to Fed. R. Civ. P. 72(a), which allows the filing of objections "within 10 days after being served with a copy" of the order to which a party objects. *See also* Fed. R. Civ. P. 6(a) (indicating that the date of the event is to be excluded, as are weekends and legal holidays if the time period is less than 11 days long).

*denial* of a motion to amend a complaint should be treated as dispositive, while a *grant* of the same motion should be treated as non-dispositive. *See Nielsen v. New York City Dep't of Educ.,* No. 04-CV-2182 (NGG) (LB), 2009 WL 301944, at *3-4 (E.D.N.Y. Feb. 6, 2009) ("[S]ome courts have concluded that a motion to amend should be considered dispositive 'where the magistrate judge's denial of the motion foreclosed potential claims,'" and thus subject to *de novo* review) (quoting *Wilson v. City of New York,* No. 06-CV-229 (ARR) (VVP), 2008 WL 1909212, at *4 (E.D.N.Y. Apr. 30, 2008)); *Partminer Info. Servs., Inc. v. Avnet, Inc.,* No. 07 Civ. 11482 (LMM), 2009 WL 1119588 (S.D.N.Y. Apr. 21, 2009) ("This Court is of the view that a *grant* of a motion for leave to amend is nondispositive") (emphasis added); *Schiller v. City of New York,* No. 04 Civ. 7922 (RJS) (JCF), 2009 WL 497580, at *2 (S.D.N.Y. Feb. 27, 2009) ("Notwithstanding the possibility that a magistrate judge's *denial* of a motion to amend a complaint may be dispositive, [the order at issue] *granting* [a] motion to amend . . . is non-dispositive, and as such, subject to clear error review only.") (emphasis in original). Because the court reviews Magistrate Judge Bloom's grant of leave to amend the complaint, clear error analysis applies under § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).[4]

A district court will find a magistrate judge's order "'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United Parcel Service of America, Inc. v. The Net, Inc.,* 222 F.R.D. 69, 70-71 (E.D.N.Y. 2004); *see also Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (stating that, on clear error review, the Supreme Court "will not reverse a lower court's finding of fact simply because we would have decided the case differently, [but] . . . must ask whether, 'on the entire evidence,' [the court] is 'left with the definite and firm conviction that a mistake

---

[4] Defendant concedes that clear error analysis applies here. (Def. Mem. at 3-4.)

has been committed.'") (*quoting United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). "Magistrate judges are afforded broad discretion with respect to nondispositive matters, and their findings should only be reversed if such discretion is abused." *State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.,* No. 04 CV 5045 (ILG), 2008 WL 2884446, at *3 (E.D.N.Y. July 23, 2008). A party seeking to overturn a magistrate judge's ruling on a non-dispositive motion therefore "bears a heavy burden." *See Com-Tech Associates v. Computer Associates Intern., Inc.,* 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990) (citations and quotations omitted), *aff'd,* 938 F.2d 1574 (2d Cir. 1991).

The question before the court is thus whether defendant can meet the heavy burden of demonstrating that Judge Bloom applied Fed. R. Civ. P. 15(a)(2) in a manner that was clearly erroneous or contrary to law in allowing plaintiff to amend his complaint. "[A] decision is 'contrary to law' if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Kalra v. City of New York,* Nos. 05 Civ. 1563 (RJS) (JCF), 2009 WL 857391, at *3 (S.D.N.Y. March 31, 2009) (citations and quotations omitted). In granting plaintiff's motion, Judge Bloom applied Rule 15(a)(2), which states that the plaintiff must seek leave of the court before amending, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court, interpreting Rule 15(a)(2), has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962); *compare Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008)

(stating that leave to amend "should generally be denied" when one of the enumerated *Foman* reasons is present) (*per curiam*).

### B. Was Plaintiff's Amendment Futile and Leave to Amend Thus Clear Error?

#### *1. Defendants' futility argument*

Defendants' primary contention is that Judge Bloom erred by allowing plaintiff to amend the complaint to name Corbett as a defendant without assessing whether the claim against Corbett would be futile. (Def. Mem. at 4-5.) Defendants claim that the allegations against Corbett contained in plaintiff's amended complaint fail to state a constitutional violation and that, in any case, Corbett is entitled to qualified immunity. (*Id.*) Defendants "[p]resume[e]" that plaintiff "intends to argue that L. Corbett had a constitutional duty to (1) ignore Lt. Cush's alleged directive and continue recording the incident, and (2) to intervene to prevent Lt. Cush from spraying Plaintiff with pepperspray." (*Id.* at 5.) However, defendants argue that a federal pretrial detainee has no right under the Fifth Amendment to be videotaped, and that if such a constitutional right were to be announced now by the court, Corbett would be entitled to qualified immunity because she could not have clearly known at the time of the incident that her conduct was unlawful. (*Id.* at 5-6.)

#### *2. Standard for determining whether an amendment is futile*

In determining whether the claim in a proposed amended complaint will be futile, "the court must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. If this assessment results in the conclusion that the proposed amendment must fail as a matter of law, the amendment would be futile, and leave to amend is properly denied." *Gallegos v. Brandeis School,* 189 F.R.D. 256, 258 (E.D.N.Y. 1999) (*citing Foman,* 371 U.S. at 182 and *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir. 1995)). Leave to amend is

futile if the amended complaint "would be subject to dismissal for failure to state a complaint upon which relief may be granted" and therefore could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Candelaria v. Spurlock,* No. 08 Civ. 1830, 2008 WL 2640471, at *5 (E.D.N.Y. July 3, 2008) (*citing Milanese and Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d Cir. 2003)). However, "even where the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis." *Gallegos,* 189 F.R.D. at 259 (*citing Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272, 278 (2d Cir. 1996)). The Second Circuit has also stated that where "the alleged futility of the amendment rests on findings of fact we prefer to let the district court resolve the factual issues" because the value of adjudication on the merits outweighs the inconvenience of a summary judgment motion. *S.S. Silverblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co., Inc.,* 608 F.2d 28, 42 (2d Cir. 1979).

### 3. *Liberal construction of* **pro se** *pleadings*

In assessing whether the proposed amended complaint would be subject to immediate dismissal for failure to state a claim, the court must also consider that the allegations in a *pro se* plaintiff's pleadings "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (citations and quotations omitted). It is well-established that "a [pro se] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 10. *Pro se* pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) (quotations and citations omitted).

### *4. Could the claim against Corbett survive a motion to dismiss?*

i. Standard for pleading a *Bivens* action

Plaintiff's claims of punitive use of force while he was a pre-trial detainee arise under the Due Process clause of the Fifth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535-36 (1979); *Arar v. Ashcroft,* 532 F.3d 157, 190 (2d Cir. 2008) (indicating that where "a detention facility official has expressed intent to punish, or a restriction or condition is not reasonably related to a legitimate goal," a pre-trial detainee's claim arises under the Fifth Amendment) (quotations and citations omitted). Such constitutional violations, when committed by federal prison officials, are actionable under *Bivens,* 403 U.S. at 392 (stating that "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.") (*quoting Bell v. Hood,* 327 U.S. 678, 684 (1946)).

Recently, the Supreme Court clarified the standard that *Bivens* pleadings must meet to survive a motion to dismiss:[5] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* No. 07-1015, 556 U.S. ___, 2009 WL 1361536, at 14[6] (U.S. May 18, 2009) (*quoting Bell Atlantic Corp. v. Twombley,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In order to determine whether to grant a motion to dismiss, the Supreme Court instructs that a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled

---

[5] The Supreme Court in *Iqbal* was considering dismissal under Fed. R. Civ. P. 8. *Id.*

[6] The opinion in *Ashcroft v. Iqbal* has not yet been published in an official reporter. The page numbers given here refer to the pages of the slip opinion available at the Supreme Court's website, http://www.supremecourtus.gov/opinions/08pdf/07-1015.pdf.

to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 15.

## ii. Conspiracy to violate a constitutional right

Plaintiff's detailed factual allegations are sufficient to state a claim that Corbett violated plaintiff's Fifth Amendment rights under a conspiracy theory. In order to make out a claim of conspiracy to violate constitutional rights that will survive a motion to dismiss, plaintiff must allege "(1) an agreement . . . (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002).[7] *See also McIntyre v. Longwood Cent. School Dist.,* No. 07-CV-1337 (JFB) (ETB), 2008 WL 850263, at *11 (E.D.N.Y. Mar. 27, 2008) (indicating that "the pleadings must present facts tending to show agreement and concerted action.") (quotations and citations omitted); *Dunlop v. City of New York,* No. 06 Civ. 0433 (RJS), 2008 WL 1970002, at *4 (S.D.N.Y. May 6, 2008). The Second Circuit has "recognized that such conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence." *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir. 1999.) Plaintiff alleges that Cush signaled Corbett to move the camera away prior to allegedly spraying plaintiff, which Corbett did, and thus plaintiff alleges facts that imply communication

---

[7] Although *Ciambriello* addressed the elements of a conspiracy to violate constitutional rights under 42 U.S.C. § 1983, it is well-established that the pleading requirements for *Bivens* actions and § 1983 actions generally track each other. *See Hartman v. Moore,* 547 U.S. 250, 255 n.2 (2006) (referring to *Bivens* actions as the "federal analog to [§ 1983] suits brought against state officials[.]") *See also Wrench Transp. Systems, Inc. v. Bradley,* 212 Fed. App'x 92, 95 n.4 (3d Cir. 2006) ("[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer limits of a *Bivens* claim against federal officials.") (quotations and citations omitted); *Glover v. Eight Unknown D.E.A. Agents,* 225 Fed. App'x 781, 784 (11th Cir. 2007) (*per curiam*) (explaining that "Bivens actions are analogous to § 1983 actions, and we will generally apply § 1983 law to Bivens cases").

and a meeting of the minds of the two defendants. By alleging that Corbett moved the camera away at Cush's behest immediately before Cush sprayed him in the face with a painful chemical, plaintiff clearly claims that the two prisoner staffers acted in concert. Plaintiff's contention that Corbett moved the camera away is also a factual allegation of an overt act done to further Cush's violation of plaintiff's constitutional right not to be sprayed with a chemical without legal justification. Construing plaintiff's allegations with the leniency due to the *pro se* plaintiff, and in the light most favorable to him,[8] the natural interpretation of plaintiff's allegation against Corbett is as follows. Corbett, in response to a clear non-verbal communication from Cush, committed the overt act of turning the camera away in order to avoid creating any objective record of Cush's subsequent actions, and did so in order to facilitate and enable Cush's unconstitutional spraying of chemicals into plaintiff's face without legal justification. Plaintiff's allegations thus suffice to give rise to a plausible claim that Corbett conspired to violate his Fifth Amendment right to be free of punishment while a pre-trial detainee. *Ciambriello,* 292 F.3d at 324-25.

The concerns expressed by the Court in *Iqbal* are not applicable here. Far from containing a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," *Iqbal* at 14, plaintiff's original and amended complaints provide detailed factual allegations about the incidents upon which his claims are based. Specifically, with regard to the allegation against Corbett, both the original and amended complaints allege that Corbett was videotaping the incident when Cush made a signal to Corbett to move the camera away, then sprayed plaintiff in the face with a chemical substance that caused burning. As opposed to the

---

[8] On a motion to dismiss, the allegations are to be construed in the light most favorable to the non-moving party. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006).

claim that the Supreme Court found lacking in *Iqbal,* plaintiff's complaints here contain sufficient factual detail, rather than mere conclusory allegations tailored to the elements of the cause of action.

### iii.     Qualified immunity

Defendants contend that, even if the amended complaint sufficiently alleges that Corbett violated plaintiff's constitutional rights, the amendment would still be futile because Corbett would be entitled to qualified immunity. (Def. Mem. at 5-6.) Defendants primarily hinge this argument on the contention that a constitutional right to be videotaped, if announced by the court here, would be new rather than clearly established, and that qualified immunity would therefore be appropriate. (*Id.*) "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* ___ U.S. ___, 129 S. Ct. 808, 815 (2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). As discussed above, however, plaintiff's claim against Corbett is fairly interpreted as an allegation of conspiracy to violate his Fifth Amendment right to be free of punishment while detained and awaiting trial. The Fifth Amendment right to be free of pre-trial punishment is clearly established. *See Bell, supra,* 441 U.S. at 535-36. It is likewise clearly established that constitutional rights may be violated through participation in a conspiracy to do so. *See Ciambriello,* 292 F.3d at 324-25; *McIntyre,* 2008 WL 850263, at \*11; *Dunlop,* 2008 WL 1970002, at \*4. Therefore, construing the amended complaint in the light most favorable to plaintiff, the doctrine of qualified immunity would not bar the claim against Corbett as a matter of law.

13

### 5. *Conclusion regarding clear error on basis of futility of amendment*

Based upon the foregoing, the court finds that plaintiff's amendment to include a claim that Corbett conspired to violate his constitutional rights was not futile. Judge Bloom's July 7th Order permitting the amendment was therefore not clearly erroneous nor contrary to law in determining that defendants' arguments against the merits of plaintiff's allegation would be "more properly raised in a dispositive motion at the close of discovery." (July 7th Order at 3.)

## C. Relation Back of Plaintiff's Amended Complaint

Defendants next contend that Judge Bloom committed clear error in holding that plaintiff's amended complaint "related back" to the filing of the original complaint under Fed. R. Civ. P. 15(c) and was therefore not barred by the statute of limitations.[9] (Def. Mem. at 10.) Defendants focus their claim of error on one particular aspect of Judge Bloom's July 7th Order, arguing that Judge Bloom erred in permitting plaintiff's amendment because plaintiff did not make a "mistake concerning the proper party's identity," as required by Fed. R. Civ. P. 15(c)(1)(C)(ii). (*Id.*)

In addressing the issue of relation back, Judge Bloom cited *Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35 (2d Cir. 1996), which tracks the requirements of Rule 15(c)(1)(C)(ii) for relating an amended complaint back to the filing of the original complaint. *Soto* allows relation back when (1) "the claim arises out of the same conduct originally pleaded"; (2) the party to be added by amendment, within 120 days of the original filing date, has received notice of the action such that the party will not be prejudiced in defending the case on the merits and (3) "knew or should have known that, but for a mistake concerning the identity of the proper

---

[9] The statute of limitations for a *Bivens* action is three years in New York State. *Tapia-Ortiz v. Doe,* 171 F.3d 150, 151 (2d Cir. 1999) (*per curiam*) (citing *Owens v. Okure,* 488 U.S. 235, 251 (1989)).

party, the action would have been brought against the party." *Soto,* 80 F.3d at 35. Regarding the third requirement for relation back, the only one that defendant here presses as a basis for error, Judge Bloom found that plaintiff timely identified Corbett and that "[i]t was the Court's mistake, not plaintiff's, that defendant Corbett was never served" because "but for the Court and the USMS' failure to act on plaintiff's letters in October and November 2005," Corbett would have been served before expiration of the statute of limitations. (*Id.* at 7.)

A plaintiff's error is not considered a "mistake" pursuant to Rule 15(c)(3)(B) when he "knew that he was required to name an individual as a defendant and did not do so." *Ish Yerushalayim v. United States Dep't of Corrections,* 374 F.3d 89, 92 (2d Cir. 2004) (quotations and citations omitted). Here, however, Judge Bloom specifically found mistake, on the part of the court, because plaintiff had diligently informed the Pro Se Clerk and the United States Marshals about the identity of Corbett well before the expiration of the statute of limitations. Judge Bloom also found that plaintiff acted reasonably, due to his *in forma pauperis* status, in relying upon the court to effect service on his behalf, and that "[a]s soon as plaintiff realized that the unnamed parties were never served, he raised the issue to the Court." (July 7th Order at 5.) Regardless of whether another court might have "decided the case differently," *Easley,* 532 U.S. at 242, the undersigned finds that Judge Bloom's decision on relation back fell within the "broad discretion" granted Magistrate Judges "with respect to nondispositive matters," and was not an abuse of Judge Bloom's discretion, *State Farm Mut. Auto. Ins. Co.,* 2008 WL 2884446, at *3. Therefore defendants have not met their "heavy burden" in seeking to overturn Judge Bloom's decision that the amended complaint relates back to the filing of the original complaint. *See Com-Tech Associates,* 753 F. Supp. at 1099. The court thus affirms Judge

Bloom's July 7th Order on the issue of relation back of plaintiff's amended complaint to the date on which his original complaint was filed.

> D.  **Undue Delay in Moving to Amend the Complaint and to the Progress of the Litigation**

Defendants claim that Judge Bloom also committed clear error in allowing plaintiff to amend his complaint to name Corbett because "[t]here is no mention of L. Corbett in Plaintiff's initial complaint, filed on June 22, 2005" and plaintiff waited to name Corbett "until April 9, 2008, when he filed his proposed amended complaint," almost three years later. (Def. Mem. at 13.) Defendants disrespectfully contend that Judge Bloom "mischaracterize[d][10] the factual record" in the July 7th Order when she stated that "[a]s soon as plaintiff realized that the unnamed parties were never served, he raised the issue to the Court." (*Id.* at 15.) Defendants contend that plaintiff's letters in October and November of 2005 to the Pro Se Clerk and the United States Marshals "did not constitute requests for relief to 'the Court' (i.e., to [Chief] District Judge Dearie or Magistrate Judge Bloom), let alone constitute motions to amend the complaint to add new defendants to the lawsuit." (*Id.*) Based on the record, the court disagrees with defendants' position and their description of Judge Bloom's actions. In fact, plaintiff's November 2005 letter specifically identifies defendant Corbett and requests that the court assist plaintiff with service. ("*Please inform me of how to notify the Marshals of the names of the unidentified defendants in my complaint so that they can now be served.* The previously unidentified C.O.'s are C.O. Corbett, C.O. Roseberry, C.O. Matos, Correctional Counselor L.

---

[10] The court is concerned that an Assistant United States Attorney and his supervisor would accuse a judge of mischaracterization of the factual record. According to the American Heritage Dictionary, "mischaracterize" means "[t]o give a false or misleading character to." American Heritage Dictionary of the English Language (4th ed. 2000). While the government appropriately may contend that a judge erred, to argue on this record that the judge acted to falsify or mislead is irresponsible, disrespectful, and unacceptable.

Barnes, Correctional Counselor Ultirricht and the 6th member of the extraction team is still unidentifiable." Doc. No. 11 (emphasis in original).)

According to defendants, plaintiff, by not raising the issue of adding Corbett as a defendant to Judge Bloom until March 2008, "*knowingly* and *voluntarily* slept on his rights with respect to L. Corbett until long after the statute of limitations had expired." (*Id.* (emphasis in original).) Defendants contend that plaintiff's raising of the issue in March 2008 comprised "undue delay, bad faith [and] dilatory motive" pursuant to *Foman,* 371 U.S. at 182, and that allowing amendment in such circumstances "would contradict 'the whole purpose behind a statute of limitations[.]'" (*Id.* (*quoting Kahn v. Kohlberg, Kravis, Roberts & Co.,* 970 F.2d 1030, 1041-42 (2d Cir. 1992).) Defendant states that Judge Bloom clearly erred and ruled contrary to law in relying on *Wright v. Lewis,* 76 F.3d 57 (2d Cir. 1996) and *Fulton v. Litwin,* No. 96-CV-4602 (FB) (JLC), 2000 WL 1159319 (E.D.N.Y. Aug. 10, 2000) to hold that plaintiff reasonably relied upon the court to effect service. (*Id.*) Defendant argues that those cases are distinguishable on the basis that Corbett was not a named defendant here, and the court never ordered service upon her. (*Id.*) Finally, defendants claim that "adding L. Corbett to this litigation is very likely to delay final resolution of Plaintiff's claims against the Federal Defendants for at least one year" and that "[t]his is patently unfair."

As discussed above, Judge Bloom addressed and rejected each of the defendants' arguments in the July 7th Order. (July 7th Order at 4-7.) As with defendants' arguments against relation back of the amended complaint, discussed *supra* at § II.D, Judge Bloom made these findings within her "broad discretion . . . with respect to nondispositive matters." *State Farm Mut. Auto. Ins. Co.,* 2008 WL 2884446, at *3. Defendants' objections here are essentially an attempt to relitigate their opposition and seek a different outcome before a different judge. This

court, however, is not, "on the entire evidence . . . left with the definite and firm conviction that a mistake has been committed," *Easley,* 532 U.S. at 242, or that Judge Bloom's decision was an abuse of her broad discretion. The court thus finds that Judge Bloom's rejection of defendants' undue delay arguments and allowance of plaintiff's motion to amend the complaint was not clear error or contrary to law.

### III.  CONCLUSION

The court finds that Judge Bloom's July 7th Order allowing plaintiff to amend his complaint to include Corbett as a defendant was not clearly erroneous or contrary to law on the basis argued by defendants (futility of the amendment, untimeliness, and undue delay). The court therefore denies defendants' objections to the July 7th Order. Plaintiff's proposed amended complaint shall become the operative complaint, and this case is referred back to Judge Bloom for the completion of discovery.

**SO ORDERED.**

Dated:   May 22, 2009
         Brooklyn, New York

_____
**KIYO A. MATSUMOTO**
**United States District Judge**