UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARLAND ANDREW TYREE,                          :        CV-05-2998
                                               :
                    Plaintiff,                 :        (Matsumoto, J.)
                                               :        (Bloom, M.J.)
           v.                                  :
                                               :
MICHAEL A. ZENK, *et al.*,                     :
                                               :
                    Defendants.                :
-------------------------------------------------------------X

## STIPULATION AND ORDER FOR THE PROTECTION
## OF CONFIDENTIAL DOCUMENTS AND INFORMATION

**IT IS HEREBY STIPULATED AND AGREED**, by and between the plaintiff, GARLAND

ANDREW TYREE, the federal defendants, MICHAEL ZENK, THOMAS CUSH, LIZETTE

TAMAYO, CIARA PEMBERTON, DAWN FELDER, LENYSHA CORBETT, and YONETTE

HERCULES, and defendant SALVATORE LOPRESTI, parties to the above-captioned action, by

and through their respective undersigned counsel, that:

**WHEREAS**, this is an action brought pursuant to *Bivens v. Six Unknown Named Agents of*

*the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens");

**WHEREAS**, the parties wish to enter into a stipulation permitting the plaintiff to obtain

information or documents maintained by the United States of America, and, specifically, Bureau of

Prisons, Department of Justice ("BOP"), that have not been made available to the general public and

that the producing party contends are protected from disclosure by the Privacy Act of 1974, 5 U.S.C.

§ 552a ("Privacy Act"), and/or matters involving confidential information of present and/or past

employees of BOP. In order to permit the plaintiff to discover such information relevant to the

subject matter of this case without making this information public and potentially undermining the

purpose of the Privacy Act, the parties hereby enter into this Protective Order, pursuant to 5 U.S.C.

§ 552a(b)(11) and Fed. R. Civ. P. 26(c), for the purpose of assuring the confidentiality of such information.

**IT IS HEREBY ORDERED**:

1.      As used in this Stipulation and Order for the Protection of Confidential Documents and Information, the term "confidential information" constitutes any and all documents, records and information contained in the Official Personnel Files ("OPFs") and disciplinary records of any current or former employee of BOP, which is in the possession of BOP and is to be produced in response to plaintiff's discovery requests, as well as any and all information or documents that have not been made available to the general public and that are protected from disclosure by the Privacy Act, the law enforcement privilege, or matters involving confidential information of present and/or past employees of BOP.

2.      Any information deemed to be confidential by the producing party shall be stamped "Confidential" prior to production.

3.      Plaintiff may contest the designation of particular documents or information as "confidential" by bringing an appropriate application to this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.

4.      The confidential information shall be used by the plaintiff and his counsel for the purposes of litigating the above-captioned action and shall not be published to the general public in any form, nor used for any business or commercial purpose, or other litigation.

5.      The right of access to all materials designated as subject to this Order shall be limited to authorized individuals: the parties, counsel for the parties and paralegal, secretarial and clerical personnel in their employ; any witness whose personnel file is produced; expert witnesses and

consultants retained by either party; court reporters or stenographers engaged to record deposition testimony; and others mutually agreed upon by counsel for both parties, or as may be authorized by the Court.

6.    The plaintiff shall not disclose materials subject to this Order to any unauthorized person without further order of the Court or by stipulation among the parties.

7.    Prior to disclosure of any "confidential information" or any documents containing such information, the disclosing party and/or counsel for the disclosing party shall ensure that the person to whom such disclosure is made has been informed of the terms of this Order and understands that s/he is bound by such terms. No person to whom confidential information has been disclosed shall, in turn, disclose the confidential information or any documents containing such information other than pursuant to the terms of this Order.

8.    Each person to whom the confidential information or any documents containing that information are disclosed shall:

(a)    maintain documents containing the confidential information in a secure location;

(b)    not reveal the confidential information to any person not authorized by and already subject to the terms of this Order; and

(c)    not reveal or use the confidential information except for the purpose of assisting the parties and their counsel in preparing and litigating this action.

9.    Nothing in this Order shall preclude any disclosure of documents subject to this Order to any judge, magistrate, or employee of the Court for the purposes of this action, or preclude a party from offering such documents into evidence at the trial of this action.

10.    No copies of "Confidential Material" shall be made except at each parties' own expense and only to the extent necessary for the preparation of this action for trial.

-3-

11.     All documents designated as subject to this Order shall be, within sixty (60) days of final judgment of this action, either returned to the producing party or certified to have been destroyed.

12.     This Order is without prejudice to the rights of any party to apply to the Court for a further protective order relating to any confidential information or to make any discovery objections

permitted by the Federal Rules of Civil Procedure, or any statute or other authority.

Dated: New York, New York
     November \_\_\_, 2009

    Lincoln Square Legal Services, Inc.
    Fordham University School of Law
    *Attorneys for the Plaintiff*
    33 West 60th Street, 3rd Floor
    New York, New York 10023

By: _____
    MICHAEL W. MARTIN

Dated: Brooklyn, New York
    ~~November \_\_\_, 2009~~
    December 1, 2009

    BENTON J. CAMPBELL
    United States Attorney
    Eastern District of New York
    *Attorney for Federal Defendants*
    271 Cadman Plaza East
    Brooklyn, New York 11201

By:   /s/(electronically signed)_____
    DAVID M. ESKEW (DE 9120)
    Assistant U.S. Attorney
    (718) 254-6194
    David.Eskew@usdoj.gov

Dated: Mineola, New York
    ~~November \_\_\_, 2009~~
    December 1, 2009

    James J. Keefe, Esq.
    *Attorney for Salvatore LoPresti*
    301 Mineola Blvd.
    Mineola, New York 11501

By:   /s/(electronically signed)_____
    JAMES J. KEEFE

SO ORDERED this _____ day of
_____, 2009:

_____
HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

permitted by the Federal Rules of Civil Procedure, or any statute or other authority.

Dated: New York, New York
    November 27, 2009

Lincoln Square Legal Services, Inc.
Fordham University School of Law
*Attorneys for the Plaintiff*
33 West 60th Street, 3rd Floor
New York, New York 10023

By: _F J Bader_ *Farrij A Bader*
for   MICHAEL W. MARTIN   *Legal Intern*

Dated: Brooklyn, New York
    November ___, 2009

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
*Attorney for Federal Defendants*
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
DAVID M. ESKEW (DE 9120)
Assistant U.S. Attorney
(718) 254-6194
David.Eskew@usdoj.gov

Dated: Mineola, New York
    November ___, 2009

James J. Keefe, Esq.
*Attorney for Salvatore LoPresti*
301 Mineola Blvd.
Mineola, New York 11501

By: _____
JAMES J. KEEFE

SO ORDERED this ___9th___ day of
__December__, 2009:

___/Signed by Judge Lois Bloom/___
HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

-5-